IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**DAVID LAMONT CONLEY**                                                                            **PLAINTIFF**

**v.**                               **No. 4:25-cv-00362-JM-PSH**

**TIM RYALS**                                                                                  **DEFENDANT**

## PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following Recommendation has been sent to United States District Judge James M. Moody, Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Plaintiff David Lamont Conley filed a *pro se* complaint on April 15, 2025, while incarcerated at the Faulkner County Detention Facility (Doc. No. 2). The Court granted Conley *in forma pauperis* status (Doc. No. 3). The Court has screened Conley's complaint and finds that he does not describe facts sufficient to state a claim upon which relief may be granted.

## I.  Screening Standard

Federal law requires courts to screen prisoner complaints. 28 U.S.C. § 1915A, 1915(e)(2). Claims that are legally frivolous or malicious; that fail to state a claim for relief; or that seek money from a defendant who is immune from paying damages should be dismissed before the defendants are served. 28 U.S.C. § 1915A, 1915(e)(2). Although a complaint requires only a short and plain statement of the claim showing that the pleader is entitled to relief, the factual allegations set forth therein must be sufficient to raise the right to relief above the speculative level. *See* Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . ."). A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly* at 570. A *pro se* plaintiff's allegations must be construed liberally, *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002), and the Court must weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *See Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (explaining that clearly baseless facts include those that are fanciful, fantastic, and delusional).

## II.  Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. 42 U.S.C. § 1983.  Conley sues Faulkner County Sheriff Tim Ryals in his official capacity and seeks $150,000 damages.  Doc. No. 2 at 1-2, 5.  He alleges that on January 14, 2025, he sent the "United States District Courthouse" a request for a § 1983 complaint form.  Doc. No. 2 at 4.  Conley states that the form was received by the Faulkner County jail on January 29, 2025, opened, and emailed to him on the jail's kiosk.  *Id.*  Conley claims that his rights were violated because his legal mail was opened outside his presence.  *Id.*

This Court has already determined that Conley's claims fail as a matter of law. In *Conley v. United States Postal Service, et al.,* Case No. 4:25-cv-00188 ("*Conley I*"),* U.S. Magistrate Judge Joe J. Volpe recommended dismissal of Conley's claims for failure to state a claim upon which relief may be granted (*see* Doc. No. 5 in that case). United States District Judge James M. Moody, Jr. adopted that recommendation (*see* Doc. No. 7 in that case).  After pointing out that Conley had not named proper defendants in that lawsuit, Judge Volpe stated:

> . . . even if I gave Plaintiff the opportunity to name proper defendants at the jail, he has failed to state a plausible constitutional violation.  To plead a plausible access to the courts claim, a prisoner must provide facts suggesting he suffered an "actual injury," which is defined as

> "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Lewis v. Casey*, 518 U.S. 343, 348 (1996); *see also Holt v. Howard*, 806 F.3d 1129, 1133 (8th Cir. 2015) (defining "actual injury" as the "hindrance of a nonfrivolous and arguably meritorious underlying legal claim"). But Plaintiff does not explain how he suffered any actual injury as result of having the envelope containing his § 1983 form opened or delivered to him approximately a month after he first requested it.
>
> Finally, Plaintiff is correct that privileged legal mail must be opened and inspected for contraband in a prisoner's presence. *Beaulieu v. Ludeman*, 690 F.3d 1017, 1037 (8th Cir. 2012). However, the Eighth Circuit has narrowly defined privileged legal mail as "mail to or from an inmate's attorney and identified as such." *Id.* And mail to and from a court does not fall under that narrow definition. *See Cullen v. Jackson*, No. 3:22-cv-00265-DPM-ERE, 2022 WL 17824977 (E.D. Ark. Oct. 25, 2022), *rec. adopted*, 2022 WL 17820544 (E.D. Ark. Dec. 20, 2022); *Moore v. Schuetzle*, 486 F. Supp. 2d 969, 989 (D.N.D. 2007); *Moore v. Rowley*, Case No. 04-1981, 2005 WL 677800 (8th Cir. Mar. 24, 2005). Further, even if it did, to plead a plausible claim there must be facts suggesting more than an "isolated incident" and that the plaintiff "suffered prejudice" as a result of his privileged legal mail being opened. *Beaulieu*, 690 F.3d at 1037 (8th Cir. 2012). Because the Complaint does not contain any such facts, I conclude Plaintiff has failed to plead a plausible claim for relief.

*Conley I* (Doc. No. 5 at 3-4).

The undersigned has reviewed Conley's allegations in both cases, and they are the same.[1] Accordingly, Conley's claims fail as a matter of law for the reasons

---

[1] Conley names a new defendant in this case: Sheriff Ryals. However, he does not specifically describe Sheriff Ryals' involvement in opening his mail, and a defendant may not be held liable under § 1983 unless he was personally involved in or had direct responsibility for an alleged constitutional violation. *See Mayorga v. Missouri,* 442 F.3d 1128, 1132 (8th Cir. 2006) ("Liability under section 1983 requires a causal link to, and

set forth in Judge Volpe's recommendation. This case should therefore be dismissed without prejudice for failure to state a claim upon which relief may be granted.

### III.  Conclusion

It is therefore recommended that:

1. Conley's claims be dismissed without prejudice.

2. Dismissal of this action count as a "strike" within the meaning of 28 U.S.C. § 1915(g).

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from the order adopting this recommendation would not be taken in good faith.

IT IS SO RECOMMENDED this 29th day of May, 2025.

_____
UNITED STATES MAGISTRATE JUDGE

---

direct responsibility for, the deprivation of rights.") (internal quotations and citations omitted).